Jean E. Faure (jfaure@faureholden.com)
Jason T. Holden (jholden@faureholden.com)
Faure Holden Attorneys at Law, P.C.
1314 Central Avenue
P.O. Box 2466
Great Falls, MT 59403
Telephone: (406) 452-6500
*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| CALUMET MONTANA REFINING, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL S. REGAN, in his official capacity as the Administrator of the United States Environmental Protection Agency.<br><br>　　　　Defendant. | Case No. CV-23-16-GF-BMM<br><br>**COMPLAINT** |

Plaintiff Calumet Montana Refining, LLC ("Calumet"), for its Complaint against Defendant Michael S. Regan in his official capacity as the Administrator of the United States Environmental Protection Agency ("Administrator"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. The Administrator has failed to perform a non-discretionary duty to act on Calumet's petition for small refinery hardship exemptions under the Clean Air

1

Act ("CAA") within the timeframe mandated by 42 U.S.C. § 7545(o)(9)(B)(iii).

2. Although more than 60 days have passed since Calumet provided the Administrator with notice of its intent to initiate this lawsuit, the Administrator still has not acted on Calumet's pending hardship petition. *See* 42 U.S.C. § 7604(b)(2).

3. Calumet seeks a declaration that the Administrator is in violation of the CAA, an order compelling the Administrator to decide Calumet's hardship petition by an expeditious date certain, and Calumet's fees and costs for this action.

## PARTIES

4. Plaintiff Calumet Montana Refining, LLC, owns a petroleum refinery in Great Falls, Montana.

5. Calumet is a "person" within the meaning of 42 U.S.C. § 7602(e).

6. Defendant Michael S. Regan is the Administrator of the United States Environmental Protection Agency ("EPA"). The Administrator is responsible for implementing the CAA, including the requirement to act on petitions for small refinery hardship exemptions within 90 days after receipt. Administrator Regan is sued in his official capacity.

## JURISDICTION

7. This action arises under the Clean Air Act, 42 U.S.C. § 7545(o). This Court has jurisdiction over Calumet's claims pursuant to 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 1331 (federal question) and 1361 (mandamus). This Court also has authority to order declaratory and injunctive relief pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 1361, 2201, and 2202, and to award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 7604(d).

8. By letter dated January 27, 2023, Calumet provided the Administrator with written notice of Calumet's claim and its intent to bring suit to remedy this CAA violation pursuant to 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.2–54.3. A true and correct copy of this notice is attached as Exhibit A.

9. The Administrator was provided with Calumet's notice of intent to sue on January 27, 2023, by certified mail and email. A true and correct copy of the email sent to the Administrator on January 27, 2023, is attached as Exhibit B.

## VENUE

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(e)(1). The Administrator is an officer or employee of the United States or an agency thereof and is sued in his official capacity. Calumet resides in this judicial district, and no real property is involved in this action.

## FACTS

11. The CAA requires that transportation fuel sold or introduced into commerce in the United States contain specified volumes of renewable fuel. The EPA and the Administrator set the volumes and oversee this requirement through their administration of the Renewable Fuel Standard ("RFS") program. *See* 42 U.S.C. § 7545(o).

12. As a petroleum refiner, Calumet is subject to the RFS requirements under the CAA. *See* 42 U.S.C. § 7545(o)(2)(A)(iii)(I), (3)(B)(ii)(I).

13. Calumet is a "small refinery" under the CAA, because its average daily aggregate crude oil throughput does not exceed 75,000 barrels. *See* 42 U.S.C. § 7545(o)(1)(K).

14. The CAA allows small refineries to petition "at any time" for a hardship exemption from annual RFS compliance, and EPA must grant that relief if the small refinery demonstrates it will suffer disproportionate economic hardship. 42 U.S.C. § 7545(o)(9).

15. The CAA imposes a mandatory deadline for the Administrator to decide petitions for small refinery hardship relief: "The Administrator shall act on any petition submitted by a small refinery for a hardship exemption not later than 90 days after the receipt of the petition." 42 U.S.C. § 7545(o)(9)(B)(iii).

16. Relevant to this lawsuit, Calumet submitted a combined petition for small refinery hardship exemptions from RFS compliance for 2021 and 2022. In its petition, Calumet documented the reasons why RFS compliance for the two years at issue would cause disproportionate economic hardship.

17. EPA received Calumet's 2021–2022 small refinery hardship petition on October 28, 2022.

18. The Administrator has a non-discretionary duty under the CAA to act on Calumet's petition within 90 days after receipt. 42 U.S.C. § 7545(o)(9)(B)(iii). The Administrator failed to perform this non-discretionary duty when he did not act on Calumet's petition by January 26, 2023.

19. On January 27, 2023, Calumet gave written notice of its intent to sue the Administrator in accordance with 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.2–54.3. In the notice, Calumet "urge[d] the Administrator to issue the 2021 and 2022 hardship decisions as soon as possible, so it will be unnecessary to file suit."

20. More than 60 days have passed since Calumet gave the Administrator

written notice of its intent to sue. *See* 42 U.S.C. § 7604(b)(2).

21.  The Administrator still has not acted on Calumet's 2021–2022 small refinery hardship petition.

22.  The Administrator's disregard for the 90-day statutory deadline to act on Calumet's hardship petition is unfortunately not unique. In a recent report, the United States Government Accountability Office ("GAO") found that EPA resolved small refinery hardship petitions for the 2019 compliance year "on average, more than 700 days" after receiving them, or 610 days after the statutory deadline.[1]

23.  On March 23, 2023, Calumet again wrote to the Administrator. In that letter, Calumet reminded the Administrator that the 2021 RFS compliance deadline is March 31, 2023, and Calumet explained that "[d]ue to EPA's failure to timely decided [its] hardship petition, it is still unclear if the Company will receive relief for the 2021 compliance year." Therefore, Calumet "request[ed] an administrative stay of the 2021 RFS compliance obligations" and "reiterate[d] [its] desire to find a resolution through direct engagement with EPA rather than through the courts." The Administrator has not responded to Calumet's request for an administrative stay.

24.  Calumet had consistently received hardship exemptions for each prior compliance year for which it applied. In April 2022, however, EPA retroactively

---

[1] GAO, Renewable Fuel Standard: Actions Needed to Improve Decision-Making in the Small Refinery Exemption Program, GAO-23-104273, at 48 (Nov. 3, 2022), https://www.gao.gov/products/gao-23-104273.

reversed and denied all 31 of the exemptions that the Administrator had previously granted to small refineries for the 2018 compliance year, including Calumet's 2018 exemption. EPA had initially granted those exemptions more than two-and-a-half years earlier in August 2019. Then, in June 2022, EPA denied Calumet's hardship petitions for the 2019 and 2020 compliance years, which had been pending before the Administrator for 899 and 532 days, respectively.

25. Calumet petitioned for review of EPA's denials of its 2018–2020 hardship petitions to the United States Court of Appeals for the Ninth Circuit, but the Ninth Circuit granted EPA's motion to dismiss or transfer the case to the United States Court of Appeals for the District of Columbia Circuit. On January 24, 2023, Calumet moved for a stay pending review, arguing that it is likely to succeed on the merits of its challenge to EPA's denials of hardship relief and will face irreparable economic harm absent a stay of its RFS compliance obligations. On March 30, 2023, the D.C. Circuit granted the motion, finding that Calumet "has satisfied the stringent requirements for a stay pending court review." Order, *Sinclair Wyoming Refining Co. LLC, et al. v. EPA*, No. 22-1073 (and consolidated cases), Doc. 1992426 (D.C. Cir. Mar. 30, 2023).

26. Calumet's interests have been, are being, and will continue to be, damaged by the Administrator's failure to comply with the statutory deadline to act on its pending petition for hardship relief. The Administrator's failure to act further deprives Calumet of procedural rights and protections to which it is entitled.

27. The relief requested herein would redress these injuries.

## CLAIM FOR RELIEF

28.     Calumet realleges and incorporates by reference paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

29.     The Administrator has a non-discretionary duty to decide Calumet's 2021–2022 petition for small refinery hardship relief within 90 days after receipt. *See* 42 U.S.C. § 7545(o)(9)(B)(iii).

30.     The CAA allows any person to bring suit to compel the Administrator to perform a non-discretionary duty. *See* 42 U.S.C. § 7604(a).

31.     It has been more than 90 days since the Administrator received Calumet's 2021–2022 small refinery hardship petition, and the Administrator has not acted on the petition.

32.     It has been more than 60 days since Calumet gave written notice to the Administrator of its intent to initiate this lawsuit. Thus, Calumet satisfied the CAA's notice requirement before commencing this action. *See* 42 U.S.C. § 7604(b)(2).

33.     The Administrator's failure to act has violated, and continues to violate, the CAA and constitutes a "failure of the Administrator to perform any act or duty ... which is not discretionary with the Administrator," 42 U.S.C. § 7604(a)(2).

34.     The Administrator's violation is ongoing and will continue unless remedied by the Court.

## REQUEST FOR RELIEF

WHEREFORE, Calumet respectfully requests that this Court enter judgment

against the Administrator providing the following relief:

1. A declaration that the Administrator has violated the CAA by failing to grant or deny Calumet's 2021–2022 petition for small refinery hardship relief within 90 days after receipt; and

2. An order compelling the Administrator to perform his non-discretionary duty to decide Calumet's 2021–2022 small refinery hardship petition by an expeditious date certain; and

3. An order retaining jurisdiction over this matter until such time as the Administrator complies with his non-discretionary duty under the CAA; and

4. An order awarding Calumet its costs of litigation, including reasonable attorneys' fees, under 42 U.S.C. § 7604(d); and

5. All other and further relief as the Court deems just and equitable.

Dated this 5th day of April, 2023.

BY: */s/ Jean E. Faure*
Jean E. Faure
Faure Holden Attorneys at Law, P.C.

Jonathan G. Hardin (*pro hac vice pending*)
Michael R. Huston (*pro hac vice pending*)
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Phone: (202) 654-6297
JHardin@perkinscoie.com
MHuston@perkinscoie.com

*Attorneys for Plaintiff Calumet Montana Refining, LLC*